No. 1920
Second Circuit Appeal

COMMERCIAL BANK OF ARCADIA v
W. W. SIMMONDS
J. M. BRYAN, Third Opponent

(April 11, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Chattel Mortgages—Par. 3.**

Under Section 2 of the Chattel Mortgage Law, Act No. 198 of 1918, a practical description in the mortgage taken in connection with the fact that the mortgagor is stated to be the owner of the property, is sufficient to enable the property to be identified.

2. **Louisiana Digest—Evidence—Par. 224.**

Under Article 2276 of the Civil Code, parol testimony is admissible to prove that the animals mortgaged under the Chattel Mortgage Law, Act 198 of 1918, were the same as those seized in the suit.

3. **Louisiana Digest—Chattel Mortgages—Par. 3.**

Under Section 2 of the Chattel Mortgage Law, Act 198 of 1918, it is sufficient that the description contained in the act is such as that the mortgaged property may be identified by one who has read the act and made inquiries suggested by it.

4. **Louisiana Digest—Evidence—Par. 224.**

Testimony that the animals mortgaged under the Chattel Mortgage Law, Act No. 198 of 1918, constituted all the animals owned by the mortgagor at the time he gave the mortgage is a contradiction of the statement made in the act by the mortgagor that the property was in excess of that owned by him and exempt from seizure and, therefore, under Article 2276 of the Civil Code, is inadmissible.

5. **Louisiana Digest—Chattel Mortgages—Par. 2.**

If the testimony fails to show that the owner of a chattel mortgage, under Act 198 of 1918, was aware of the insolvency of the maker of the mortgage when the mortgage was made, it cannot be deemed a simulation under Article 1984 of the Civil Code.

Appeal from Third Judicial District Court of. Louisiana, . Parish of Bienville. Hon. J.. E. Reynolds, Judge.

This is a suit in which the plaintiff executed a judgment against the defendant by seizing mortgaged property under a chattel mortgage law owned by the third opponent.

There was judgment for the third opponent and plaintiff appealed.

Judgment affirmed.

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellant.

R. L. Williams, of Arcadia, attorney for defendant, appellee.

Goff & Barnett, of Arcadia, attorneys for third opponent, appellee.

CARVER, J. Plaintiff appeals from a judgment awarding the third opponent, J. M. Bryan, the proceeds of four mules and a mare sold under execution in its suit against W. W. Simmonds, and claimed by third opponent under a chattel mortgage.

It alleges that the chattel mortgage is void because it insufficiently describes the property mortgaged.

In the alternative, it alleges that the mortgage is a simulation or, if not, is a fraud.

I.

The description in the mortgage is as follows:

"Two mare mules of medium size weighing respectively about 900 & 1000 lbs. each about 5 years old the heavier mule being a dark bay and the lighter being a light bay in color, and two mare mules about 6 years old weighing between 1000 and 1100 lbs. both black, one bay mare about 10 years old named Lieu weighing about 950 lbs. with white spots in her face."

The mortgage contains the following statement:

"And the said mortgagor specially declared that he is the true and lawful owner of the movable property herein above described and mortgaged; that the same is in excess of the movable property owned by him and exempted from seizure under the constitution and laws of this state.

"And the said mortgagor does by these presents hereby bind and obligate himself, his heirs and assigns not to sell, alienate, deteriorate nor encumber the said property herein mortgaged to the prejudice of this mortgage; nor to remove said property out of the parish without the written consent of the mortgagee first obtained."

The mortgage was passed before a Notary Public in Bienville parish and is signed by the mortgagee as well as the mortgagor.

The chattel mortgage law (Act 198 of 1918, page 372) provides, in section 2, as follows:

"That every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified, and also stating definitely the time when the obligation shall mature. In order to affect third persons without notice, said instrument must be passed by notarial act and the original or a certified copy thereof shall be recorded in the office of the recorder of mortgages in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident."

Corpus Juris, volume 11, page 456, section 79, verbo "Chattel mortgages", reads as follows:

"While the courts recognize well established principles for determining the sufficiency of the description of the property, they also recognize the impossibility of fixing inflexible rules therefore. Further, the rules generally applicable to chattel mortgages as to prescription are less rigid than those applied to conveyances of realty.

* * *

"As against third persons, the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified

by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, that is certain which is capable of being made certain. So a description is sufficient if it be aided by parol proof and the property covered by the mortgage identified."

The same volume, page 460, section 93, reads:

"Although the courts recognize certain general principles determining the sufficiency of the description of animals in a chattel mortgage, they are not uniform in the application of such principles when the rights of third persons become involved. In general a description is sufficient which suggests inquiries which, if pursued, would enable third persons to identify the mortgaged property. Many cases hold that animals are sufficiently described by merely stating their characteristics in respect to age, color, height, sex, and weight, or by indicating their marks and brands; while other cases have held such description, without reference to location, ownership or possession, to be insufficient to enable third persons to identify the property. A reference to a herd book in which animals are registered has been held sufficient in connection with a statement of location."

\* \* \*

In support of these propostions, many cases are cited from various states. But none from Louisiana. Nor have we been cited to any by counsel. It seems to us that under the above mentioned authorities, the description in the mortgage in this case, taken in connection with the fact that the mortgagor is stated to be the owner of the property, is sufficient to enable the property to be identified, in the absence of any suggestion in the brief that the mortgagor owned other animals answering the description in the mortgage.

Parol testimony was received over plaintiff's objection to prove that the animals mortgaged were the same as those seized in this suit and were all the animals owned by defendant.

We think the testimony was properly received at least as to the animals seized being those mortgaged. The ground of the objection was that the chattel mortgage as recorded could not be altered, amended or added to or the description added by parol testimony; that the chattel mortgage itself should show that it was the same property as that seized, that is, the description must be such that the property would be known by virtue of the description itself in the chattel mortgage.

At another place, the objection was stated thus:

"That is an indirect way of attempting to describe the property as covered by the chattel mortgage if covered at all that parol testimony is not admissible to add to or take from it is not sufficiently described to identify the mortgage."

"For the reason any testimony for the purpose of showing description adding to or taking from the purported chattel mortgage is inadmissible cannot be altered or amended by outside testimony."

At another place:

"For the reason parol testimony is not admissible to add to or take from or \* \* \* the description as purported to be in the chattel mortgage that the \* \* \* requires a detailed description so that same may be identified which this purported chattel mortgage fails to do and the property attempted to be mortgaged cannot be identified and a further description given by parol testimony."

Our understanding of section 2, as copied above, is that it is not necessary that the chattel mortgage should contain such a description of the mortgaged property as will itself identify it but it is sufficient if the description is such as that it may be identified; that is to say, any one reading it may from the description contained in the act together with information derived from inquiries suggested by it, be able to identify it.

This construction is evidently the one placed on chattel mortgage acts in other

jurisdictions as shown by the citation from Corpus Juris above mentioned.

Evidently the law in the mind of the objector was Article 2276 of the Civil Code which reads as follows:

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor what may have been said before, or at the time of making them, or since."

The evidence offered, though, does not violate this prohibition, except in one respect, hereafter mentioned. It was not either against or beyond the act to show that the property seized was that mortgaged. Neither was any attempt made to show what the parties said before the act or at the time of making it or since. On the contrary, all the testimony, with exception mentioned, was for the purpose of sustaining it and therefore was for it instead of against it, and in line with it instead of beyond it.

The exception mentioned is the testimony that the animals mortgaged constituted all the animals owned by the mortgagor at the time he gave the mortgage. It must be admitted that this, if it is not a contradiction of the act itself, is at least, a contradiction of the statement made in the act by the mortgagor to the effect that the property mortgaged was in excess of that owned by him and exempt from seizure. Eliminating this testimony, though, the evidence of Bryan is positive and not disputed that the animals seized are the same as those mortgaged.

## II.

The charge that third opponent's debt is a simulation has been abandoned.

## III.

We do not think the proof supports the charge that the chattel mortgage was executed in order to defraud defendant's creditors. The plaintiff claims that Simmonds was insolvent to the knowledge of third opponent at the time the chattel mortgage was given and that therefore under Article 1984 of the Civil Code the chattel mortgage must be deemed to have been made in fraud of creditors.

That article reads as follows:

"Every contract shall be deemed to have been made in fraud of creditors, when the obligee knew that the obligor was in insolvent circumstances, and when such contract gives to the obligee, if he be creditor, any advantage over other creditors of the obligor."

But in our opinion the testimony fails to show that the third opponent was aware of Simmonds' insolvency. The proof on that question consists solely of the admission made by Bryan himself as follows:

"Q. You and Mr. Simmonds related by blood or marriage?

"A. He married my grand-daughter, yes, sir.

"Q. You knew that Mr. W. W. Simmonds was connected with Bryceland Mercantile Company, did you not?

"A. Yes, sir, I didn't know much about it.

"Q. You knew Bryceland Mercantile Company had gone bursted?

"A. Not at the time I let him have money.

"Q. At the time you took the mortgage?

"A. Yes, sir.

"Q. You knew he had signed a whole lot of papers?

"A. No, I didn't know he signed so many.

"Q. You knew it when you called on him for settlement?

"A. That's the way he settled, by giving chattel mortgage.

"A. Yes, sir.

"Q. And the note you have sued on?

"A. Yes, sir."

The admission that the third opponent Simmonds was connected with Bryceland Mercantile Company and that that company had failed falls far short of proof that he knew Simmonds was responsible for the debts of that concern and the admission that he knew Simmonds had signed a

whole lot of papers falls equally short of proving he knew he had signed notes or other obligations.

In our opinion, the judgment of the lower court is correct and it is therefore affirmed.

Reynolds, Judge recused.