175 So.2d 707 (1965)
ALL STATE CREDIT PLAN HOUMA, INC.
v.
Alvin FOURNIER d/b/a Al's Furniture and Appliance.
No. 6400.
Court of Appeal of Louisiana, First Circuit.
May 24, 1965.
*708 Francis Dugas, Thibodaux, for appellant.
Baron B. Bourg, Houma, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID, and BAILES, JJ.
LANDRY, Judge.
This matter concerns the rights of a seizing judgment creditor, as opposed to those of the intervening chattel mortgagee of their common debtor, to priority of payment *709 of their respective claims from the proceeds of the Sheriff's Sale provoked by the judgment creditor pursuant to which mortgaged chattels of the debtor were seized under a writ of fieri facias. After trial in the court below, judgment was rendered in favor of the seizing judgment creditor, All State Credit Plan Houma, Inc., plaintiff herein (sometimes hereinafter referred to as "appellee" or "plaintiff"). From said adverse determination, United Credit Plan of Thibodeaux, Inc. and United Credit Plan of Gretna, Inc., intervenors, (sometimes hereinafter referred to as "appellants" or "intervenors") has taken this appeal.
Succinctly stated, the facts leading to this present appeal are as follows: Plaintiff instituted action on a note given it by defendant, Alvin Fournier d/b/a Al's Furniture and Appliance, and after obtaining judgment thereon caused a writ of fieri facias be directed to the Sheriff of Lafourche Parish commanding said official to seize property belonging to said debtor in an amount sufficient to discharge appellee's claim. In obedience to the aforesaid writ, said Sheriff, through his duly authorized deputies, caused the contents of the debtor's display room in Raceland, Louisiana, consisting primarily of furniture and appliances, including radios, television sets and record players to be seized and an inventory thereof made.
Prior to the sale of the seized movables, appellants intervened in plaintiff's suit against Fournier setting forth intervenors' claim of entitlement to payment of several mortgages held by appellants on the seized chattels by priority out of the proceeds of the pending judicial sale. After the sale, plaintiff then ruled intervenors into court to determine the rank of their respective claims with the result hereinabove mentioned.
The sole issue presented by the instant appeal is the alleged inadequate or insufficient description of the movables intended to be covered by intervenors' several mortgages. While our learned brother below did not render written reasons for his decision, we understand from the oral argument of counsel he rejected appellants' claims of priority on the ground the chattel mortgages held by appellants did not describe the mortgaged effects with sufficient clarity and sufficiency to put third parties on notice of the existence of appellants' prior claims.
In his brief before this court learned counsel for appellants insists the descriptions contained in intervenors' chattel mortgages were adequate and sufficient to afford constructive notice to third parties and maintains the trial court erred in concluding otherwise. Alternatively, counsel for intervenors argues our esteemed brother below erred in failing to find that plaintiff had actual knowledge of intervenors' previously recorded chattel mortgages and was therefore legally charged with such knowledge irrespective of any defect in the descriptions contained in the recorded instruments. In the final alternative, astute counsel for appellants maintains the chattel mortgages in question were valid as a hypothecation or pledge of a "mass or assemblage of goods" to be kept at a particular location and therefore required no specific description of components authorized by LSA-R.S. 9:5352.
The record reflects that defendant, Fournier, was self employed as a retailer of household furniture and appliances consisting primarily of radios, television sets, washing machines, stereo musical equipment and other similar appliances generally sold in establishments of such nature. It further appears Fournier formerly operated from two locations, one in Paradis, St. Charles Parish, and the other in Raceland, Lafourche Parish, the Paradis location having been closed prior to trial of this matter below. Plaintiff and intervenors are all engaged in the business of financing institutions of the type operated by Fournier, both as to such dealers' purchases from manufacturers or distributors and also as well as the buying of accounts receivables from *710 retailers of this nature. Financing of purchases of such retailers from manufacturers or sales representatives is accomplished through what is known to the trade as "floor planning" which, we gather is an arrangement by which the lender advances the dealer funds to pay manufacturer's invoices when goods are shipped the retailer and, as security therefor takes a chattel mortgage on the goods in question. As the chattels are sold by the retailer, the privilege thereon is released by the mortgagee upon payment by the retailer of a predetermined sum. Apparently, the advantage to the financing agent is the interest charged on the "floor plan" mortgage from the date of the mortgage to the sale of the chattels in addition to the frequent purchasing from the retailer of the note and chattel mortgage given by the retail purchaser for the unpaid portion of the selling price.
In January, 1964, intervenors loaned Fournier money on several occasions, each loan being secured by a chattel mortgage on appliances described therein consisting mainly of television receivers, refrigerators, radios, washing machines and stereo sets. In each instance the brand name, type of appliance, model number and serial number of the mortgaged appliances were given. A typical example of the description employed by the mortgagee in each instance is exemplified in the following recital taken from the chattel mortgage given by defendant Fournier to intervenor under date of January 23, 1964, appearing at Page 25 of the Transcript as P-1:

 MAKE ARTICLE MODEL SERIAL NO.
 Zenith T. V. 12005C 68243
 Zenith T. V. 12705Y3 51342
 Zenith T. V. 12705R3 83549
 Zenith T. V. 12735R3 99586
 Zenith Stero (sic) SL2420W3 29236
 Zenith Radio J506G 66140
 Zenith Radio J506G 66149
 Zenith Radio CT517 70357
 Zenith Radio CT517 70348

Intervenors acknowledge that each and every chattel covered in its several mortgages has a serial number containing six or seven digits but only the last five digits of each number was included on the chattel mortgages, the first one or two digits being purposely omitted because, as explained by one of intervenors' employees "our IBM being only able to pick up five numbers." In this regard distributor's invoices introduced in evidence by intervenors show the full serial numbers of each mortgaged appliance and reveal that in each instance the first one or two digits of each serial number were left off. For example the invoices show that the above described Zenith T. V., Model Number 12005 C bears Serial Number 9568243 instead of 68243 as listed in the hereinabove mentioned chattel mortgage.
The object of the statute relative to execution of chattel mortgages, LSA-R.S. 9:5351 et seq., is to prescribe the method by which a mortgage on chattels is made effective, not as between the parties to the contract, but as against all other persons without notice of the privilege thereby conferred upon the mortgagee, but actual knowledge on the part of a third person of the existence of the recorded chattel mortgage dispenses with the necessity of complying with the statutory requirements, LSA-R.S. 9:5352; Southern Enterprises Inc. v. Foster et al., 203 La. 133, 13 So.2d 491; Valley Securities Co., Inc. v. DeRoussel, 16 La.App. 115, 133 So. 405.
It is settled jurisprudence that notwithstanding the requirement of description contained in our chattel mortgage law LSA-R.S. 9:5352, property subject to a recorded chattel mortgage need not be so described as to be capable of identification by the written recital or name used to designate it in the mortgage, but a description enabling third persons, aided by such reasonable inquiries which the instrument itself suggests, is sufficient. Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752; Consolidated Cos., Inc. v. Laws, 11 La.App. 676, 124 So. 775; Valley Securities Company, Inc. v. DeRoussel, 16 La.App. 115, 133 So. 405.
What constitutes sufficiency of description is a matter to be determined in the *711 light of the circumstances attending each individual case including by way of extension, the nature, kind, character and quality of the chattels involved and the circumstances under which same will be used, employed or dealt with by the mortgagor.
Considering first appellants' contention the descriptions in the several mortgages were sufficient to put third persons on notice notwithstanding the omission of the first one or two digits of each serial number of the numerous appliances mortgaged, we note intervenors' reliance on the authorities hereinafter discussed.
We initially note Hamner v. Domingue, La.App., 82 So.2d 105 and Harper v. Borden Company, La.App., 129 So.2d 330, both of which involved chattel mortgages on motor vehicles executed pursuant to the provisions of LSA-R.S. 32:710. Since the above cited cases involved chattel mortgages executed under the Certificate of Title Law, LSA-R.S. Title 32, Chapter IV, Section 701, et seq., which relate solely to motor vehicles, all the pronouncements therein are not necessarily applicable to the case at bar. We believe, however, that the rules announced therein regarding description of the mortgaged chattel are equally applicable to personal effects mortgaged pursuant to the provisions of LSA-R.S. 9:5351 et seq. since the object of description, in each instance, is to put third parties on notice of the mortgagee's claim against the mortgaged chattels.
The remaining cases relied upon by appellants deal with chattels other than motor vehicles. Union Building Corporation v. Burmeister, 186 La. 1027, 173 So. 752, involved a chattel mortgage on beauty shop equipment described by listing each item by its common name without other identifying information other than the dealer or manufacturer's stock number. In this case the Supreme Court stated:
"On this subject-matter, it is stated in Jones on Chattel Mortgages and Conditional Sales (Bowers Edition):
"`It is not necessary that the property should be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage. * *
"`It is obviously impossible in most cases to set forth on the face of the mortgage all the articles embraced in it with such precision that any one, by a mere inspection of the mortgage, without reference to any other source of information, can identify them. * * *" Vol. I, § 53, pp. 94, 95.
"`A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.' Vol. I, § 54, p. 96.

"`Parol evidence is admissible to identify the chattels mortgaged. Such evidence may aid but not make a description. The mortgage must of itself suggest inquiry which will result in identification. It is not possible to describe personal property so well as to preclude the necessity of such evidence to identify it. * * *' Vol. I, § 64, p. 129 (Italics ours.)
"A review of the cases on the subject-matter shows that the courts of this state, in considering cases involving chattel mortgages where there is no descriptive reference in the act itself to the chattels that would distinguish them one from the other of the same kind, have differentiated between those cases wherein reference is made in the act of chattel mortgage itself as to the location of the chattels at the date of its execution, and those wherein no reference as to location is made in the act. In the former, it has been held to be sufficient to affect third parties, whereas in the latter, it has been held not to be sufficient."
*712 In the more recent case of Abbott v. Temple, La.App., 73 So.2d 647, we note the following applicable language:
"It is generally recognized absence of certain formalities makes a chattel mortgage ineffective against third parties without knowledge even though filed. In Southern Enterprises, Inc., v. Foster, 1943, 203 La. 133, 13 So.2d 491, at page 494 it was stated: `Third persons without actual knowledge can not be held to have constructive notice of the existence of the chattel mortgage unless the statutory requirements are strictly complied with. (Emphasis supplied.)
"Among the conditions imposed by LSA-R.S. 9:5352, quoted above, is: "In all other cases a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated.' It is, therefore, essential in order to impress third persons with the chattel mortgage privilege in this state the property shall be so described `it may be identified' and its location stated. * * *
"* * *
"The jurisprudence of this state in considering cases involving chattel mortgages where there is no descriptive reference in the act of chattel mortgage to the chattels that would distinguish them one from the other of the same kind, have differentiated between those cases wherein reference is made in the act of chattel mortgage as to the location of the chattels at the date of its execution, and those wherein no reference as to location is made in the act. Generally in the former, with some qualifying description, it has been held to be sufficient to affect third parties, whereas in the latter, it has been held not to be sufficient. But even where the instrument gives the location of the chattel there has to be some distinguishing label or characteristic to differentiate it from property of a similar character which may be at the same location. LeCorgne v. Garner, 1927, 7 La.App. 148; Christian v. Langford, 1929, 11 La.App. 652, 124 So. 593; Durel v. Buchanan, 1920, 147 La. 804, 86 So. 189; and Continental Bank & Trust Co. v. Succession of McCann, 1922, 151 La. 555, 92 So.2d 55."
In Remington-Rand v. Profits Island Gravel Co., La.App., 144 So. 636, a chattel mortgage covering office furniture and fixtures which failed to list manufacturer's identifying numbers placed thereon was nevertheless held valid against third persons as sufficient description considering the articles were listed by name and the chattel mortgage contained the recital the effects were to be located "in a two story brick building at the southwest corner of Lafayette and Laurel Streets."
However, in Consolidated Cos., Inc. v. Laws, 11 La.App. 676, 124 So. 775, the description of a refrigerator as "One McCray Refrigerator No. 75" was held insufficient to place third persons on notice of a prior chattel mortgage covering such an item possessing a specific serial number.
Smith v. Bratsos, 202 La. 493, 12 So.2d 245, concerned an item designated as a Hussman-Ligonier Refrigerator and accompanying condenser. The evidence showed the serial numbers of the units were inserted in the chattel mortgage after its execution by the mortgagor. The Court, repeating the language employed in the Burmeister case, supra, held in effect that disregarding the subsequently inserted serial numbers, the description contained in the instrument was sufficient inasmuch as the equipment in question was the only one of its kind on the lessor's premises. It is significant, however, the court clearly indicated that failure to recite the serial number would have deprived the mortgagee of his lien had there been other similar units on the leased premises.
While Hamner v. Domingue, 82 So.2d 105, concededly involves a motor vehicle we believe the principle therein involved applicable to the case at bar insofar as the *713 decision holds the recitation of an incorrect identifying number does not constitute constructive notice to third parties. In the Hamner case, supra, the mortgage listed the motor number of the vehicle as P-24-536850, whereas the correct motor number was P-24-506850.
In the case at bar we believe the listing of incomplete serial numbers on the numerous appliances involved rendered intervenors' mortgages totally ineffective as against third parties without notice. It is common knowledge that appliances of the nature concerned herein are produced annually by manufacturers in tremendous quantity and that such items are often similar in design and appearance and usually produced in models of diverse quality and degree of performance to appeal to the varying purchasing power of the populace in general. It is further well known that the numerous models of each competing producer are stocked on dealer's display or sales rooms to arouse and entire customer interest with the view of promoting sales. Because of the similarity of appearance and design of many competing models and because the various models of each manufacturer are produced in such quantity, the only feasible way to differentiate one such item from all others is by the universally accepted practice of affixing to each said unit a distinguishing serial number at the time of its manufacture. We believe the demands of present day industry, commerce and finance demand that a chattel mortgage on such items must include the full and proper serial number attributed thereto in order to meet the requirement of identification contained in LSA-R.S. 9:5352. We further believe that a mortgagee who undertakes to list the serial number of such chattels must list the entire number as appears thereon otherwise a third person searching the records can only be misled by the terms of a recorded chattel mortgage which recites only a portion of the number by which the mortgaged chattel may be identified. The third party searching the record is entitled to assume the listed serial number is complete and correct and that the chattel sought to be seized is free of mortgage if the serial number stated in the mortgage does not correspond with the serial number on the item itself.
Plaintiff having voluntarily elected to drop or omit all but the last five digits of each serial number involved may not rely on such curtailed identification as placing third parties on notice.
Appellants next contend appellee was cognizant of intervenors' chattel mortgages on the goods in question. In this regard appellants argue plaintiff's employee, Donald Weidenbacher, had been dealing with Fournier for some time prior to the seizure of the chattels subject to appellants' mortgages. It is further contended appellee was in fact competing with intervenors for Fournier's business and appellee was therefore acquainted with the fact Fournier was in financial distress and was floor-planning merchandise with intervenors. On this basis it is argued appellee knew or should have known the appliances in question were mortgaged to intervenors. In addition, appellants maintain that after issuance of the fi. fa. Weidenbacher went to Fournier's establishment in Raceland at the time an inventory was being taken by the Sheriff's deputies and was there advised by Fournier, before the actual seizure took place that "some of the merchandise was not paid for."
The record reveals Weidenbacher had been acquainted with Fournier for approximately 15 months prior to the seizure involved herein. Weidenbacher had purchased sales contracts from Fournier on several occasions and in one instance, namely, February 6, 1964, made Fournier a loan, which was the indebtedness on which plaintiff instituted this present action. While Weidenbacher acknowledged in a general way he was familiar with the fact that intervenors were floor planning merchandise for defendant, Fournier, he was not aware of intervenor's chattel mortgage until after the items in Fournier's sales room were itemized by the deputy sheriffs delegated to make *714 the seizure. In this regard he testified that after the deputies had completed making a list of all articles in Fournier's establishment, said debtor arrived and notified the authorities some of the items were subject to a floor plan chattel mortgage in favor of intervenors. Eddie Duet, Deputy Sheriff, Lafourche Parish, testified that at one stage of the proceedings Fournier appeared and advised some of the articles were not fully paid for.
We do not consider such circumstances sufficient to charge appellee with knowledge of an outstanding valid chattel mortgage on the property in question. The list of property seized contains many items not covered by appellants' chattel mortgages. The record does not indicate that Fournier pointed out any particular item or items as allegedly being subject to a chattel mortgage in favor of appellants. The mere statement that some of the items were not paid for does not in itself indicate they were necessarily subject to a prior chattel mortgage. Moreover, on the strength of such disclosure had plaintiff checked the records he would have found no recorded chattel mortgage describing items bearing serial numbers identical with those on the merchandise in Fournier's store. Since the serial number of such merchandise is virtually the only means of positive identification, the failure of the recorded mortgages to recite the correct numbers entitled one searching the records to assume the chattels in question were unencumbered insofar as concerned a prior recorded mortgage.
Lastly, appellants maintain their mortgages are valid as the hypothecation or pledge of a "masses or assemblage of things, including, * * * stocks of merchandise in retail * * * establishments" which according to LSA-R.S. 9:5351 and 5352 require no description other than the recitation that same are all of a particular class, classes or grade or constitute a stock of merchandise to be kept at a particular location. Appellants' said argument is patently without merit. The mortgages in question do not purport to cover or embrace a mass or assemblage of things all of a particular class, type, grade or species or a stock of merchandise to be kept at a particular location. Appellants' mortgages attempt to hypothecate specifically enumerated items of household appliances reputedly described in detail sufficient to identify and set apart each said component from every other unit of similar makes, model or kind. Under such circumstance it was imperative that the descriptions utilized suffice to so identify each said unit. LSA-R.S. 9:5352.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.