In the Matter of Zachery Joseph NERO, Bankrupt.

**UNITED STATES of America, Appellant,**

v.

**Rodney BERNARD, Jr., Trustee, Appellee.**

No. 74-1520
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1974.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., Joe W. Rhodes, State Director, Farmers Home Adm., U. S. Dept. of Agriculture, Alexandria, La., Robert E. Kopp, Eloise E. Davies, Attys., Dept. of Justice, Washington, D. C., for appellant.

Rodney Bernard, Jr., Lafayette, La., for appellee.

Alfred R. Ryder, Oberlin, La., for Z. J. Nero.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

This bankruptcy case could only arise in Louisiana, the one state that has not enacted the Uniform Commercial Code. The UCC has liberal rules governing the content of the documents required to be filed to inform the world of the existence of a security interest in a piece of property. Under UCC § 9–110 the documents need only include a description that "reasonably identifies what is described," whereas the correlative Louisiana statute, La.Rev.Stat. 9:5352, requires a "full description."

At issue is whether the Farmers Home Administration has a valid security interest in a Farmall tractor, value about $5,000. The FHA made a series of loans totalling over $20,000 to Nero, the bankrupt. The mortgage Nero gave in return listed the tractor, reciting its serial number as "12374." The FHA duly filed a copy of the mortgage instrument with the appropriate Louisiana official. But after Nero became insolvent, it turned out that the tractor's full serial number was "2510175V012374." The bankruptcy judge[1] held that Louisiana law governed the sufficiency of the document; under Louisiana law the description was sufficient; thus the FHA had a perfected security interest. Upon the trustee's petition for review the District Court agreed that Louisiana law was applicable, but overturned the bankruptcy judge's fact finding as to sufficiency of description. Thus, as between the government and the trustee, the trustee was held to have the prior right to the tractor.

The FHA argues as follows:

1. (a) Since the U. S. was the lender of the money and the secured party (mortgagee), the adequacy of the steps taken to perfect the security interest is a question of federal law; (b) the federal law rule should be borrowed from "the general law" as embodied in the UCC; (c) under the UCC, the description of the tractor was sufficient.

2. Even if Louisiana law applies, the District Court's determination that the description was insufficient should be overturned.

---

1. It appears that "bankruptcy judge" and "referee in bankruptcy" are now interchangeable appellations, see Rule 901(7), Bankruptcy Rules. There are certain exceptions, however, which can lead to confusion. For example, when a District Judge is issuing an injunction under § 2a(15) of the Bankruptcy Act, he is properly titled "bankruptcy judge." Rule 901(7).

We need not consider or decide Issue (1),[2] because we hold that the FHA must in any event prevail upon (2).

The leading Louisiana case on the subject, Union Bldg. Corp. v. Burmeister, 186 La. 1027, 173 So. 752 (1937), announced a liberal rule governing sufficiency of description. From that case, together with subsequent cases decided by Louisiana intermediate appellate courts, the following principle emerges: except in instances where the mortgagor is a dealer in essentially fungible but serial-number-bearing goods like cars or appliances, see All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App.1965); Hamner v. Domingue, 82 So.2d 105 (La.App. 1955), the correct question under Louisiana law is whether the description would enable reasonable third persons, aided by prior reasonable inquiries, to identify the property. The District Court employed a different standard [3] and thereby fell into error.

We note the following factors: the bankrupt's status as a farmer, not a tractor dealer; the limited nature of his operation; the tractor in question was made in 1972, whereas the two other tractors that it appeared the bankrupt owned were made in 1963 and 1961; the number on the mortgage accurately recited the last five digits of the actual serial number; the make and model of the tractor were accurately set out. In view of these factors, we hold that under the correct Louisiana standard, the mortgage description was sufficient as a matter of law, and the FHA must prevail.

Reversed and remanded for entry of judgment in favor of the FHA.

2. For some illumination of the issue see generally United States v. Hext, 444 F.2d 804 (CA5, 1971), and especially footnote 2 therein.

3. In reversing the bankruptcy judge's fact finding, the Court wrote:

The referee concluded that the description of the subject tractor in the act of

chattel mortgage was sufficient and opined that if a third person, using a correct and full description of the tractor, had ordered a chattel mortgage certificate from the Clerk of Court of the parish where the chattel is located, the Clerk would have shown the FHA mortgage in view of the similarity of the description. We do not agree.