479 So.2d 461 (1985)
SOUTH LOUISIANA BANK
v.
Patricia L. MILLER and Linda A. Ayers.
No. 84-CA-0923.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Robert Prejeant, Houma, for plaintiff/appellee South Louisiana Bank.
H. Sanders O'Neal, Houma, for intervenor and appellant Carroll C. Rhodes.
Patricia L. Miller and Linda A. Ayers, pro se.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The issue in this appeal is whether the lessor or mortgagee is entitled to the proceeds of the sale of certain chattels seized in the premises leased by defendant, Patricia L. Miller.

FACTS
On September 24, 1982, Patricia L. Miller and Linda Ayers executed a promissory note for the sum of $3,535.44 in favor of South Louisiana Bank. The note was made payable in 24 equal monthly installments of $147.31, beginning October 24, 1982. The note was secured by a chattel mortgage on certain restaurant equiment. The mortgage *462 and note were signed by Patricia L. Miller and Linda A. Ayers as makers and was accepted by Charles K. Weaver on behalf of the bank. Brenda Dantin witnessed the signing of the note and mortgage. She also appeared before Lelia M. Ray, Notary Public, and acknowledged that she was the subscribing witness to the instrument and that she personally witnessed the parties execute the instrument. The chattel mortgage was inscribed on October 5, 1982, in the Chattel Mortgage Book in the Parish of Terrebonne, State of Louisiana, at Entry No. 690524.
On March 1, 1983, Patricia L. Miller leased a building in which the chattel secured by the mortgage was located. Upon default of the lease, Carroll C. Rhodes, lessor, filed suit (Suit Number 9257) for the proceeds due under the lease and for recognition of his lessor's privilege on all movable property located on the leased premises. On November 14, 1983, the city court judge rendered judgment in favor of lessor for $2,450.00 plus interest and reasonable attorney's fees and recognized Rhodes' lessor's privilege.
Upon failure of the makers to pay installments due, South Louisiana Bank instituted proceedings (Suit Number 9166) for executory process on the outstanding balance owed. Pursuant to South Louisiana Bank's request, an order for executory process and a writ of seizure and sale were issued. Therein, the city marshall was directed to proceed to seize and sell the chattel secured by the mortgage in question.
Pursuant to the executory proceeding instituted by South Louisiana Bank, the restaurant equipment was seized and was ultimately sold on November 23, 1983. Because of the large number of defendants' creditors, the Marshall of the City Court of Houma, as a precautionary measure, filed a rule to show cause, requesting the court to rank the interested creditors prior to distributing the proceeds of the sale.
After a hearing on the rule, the court ordered the proceeds be distributed as follows: (1) costs, and (2) South Louisiana Bank. Since there were insufficient funds to pay South Louisiana Bank in full, the trial judge held that there was no necessity to rank the other creditors.
As a result of the trial court's actions, Mr. Rhodes filed a motion for new trial contending the court erred in failing to rank his lessor's privilege above South Louisiana Bank's chattel mortgage. Rhodes contended that the chattel mortgage was patently defective on its face since there was only one attesting witness. He urged that as a judgment creditor without actual knowledge of the recording of the chattel mortgage at the time of execution of his lease, he is not affected by constructive notice thereof.
In written reasons for judgment, the trial judge held that the chattel mortgage of South Louisiana Bank complied with all formalities. Finding Rhodes' lease was signed subsequent to the date of the bank's chattel mortgage, the trial court found Rhodes' lessor's lien inferior to South Louisiana Bank's chattel mortgage. The trial judge further found that even if the bank's mortgage was not superior, Rhodes specifically waived any superiority in favor of South Louisiana Bank. The court based such waiver on a November 29, 1983, letter from H. Sanders O'Neal, Rhodes' attorney, wherein he set forth that Rhodes was agreeable to the disbursement of proceeds without contesting his ranking thereon. The trial judge denied Rhodes' motion for new trial on March 29, 1984.
From this judgment, Rhodes appeals, alleging that the trial judge erred in the following respects:
(1) In failing to find the chattel mortgage of South Louisiana Bank defective on its face for lack of two witnesses;
(2) By finding that the lessor's privilege outranked the prior recorded but defective chattel mortgage; and,
(3) When it held that a waiver of rights to contest ranking took place in this case.

ASSIGNMENTS OF ERROR NOS. 1 & 2
In these assignments of error, Rhodes contends that the chattel mortgage in favor *463 of South Louisiana Bank is defective. Rhodes reasons that because the chattel mortgage was witnessed by only one witness, the chattel mortgage is fatally defective. Rhodes contends that because the chattel mortgage is defective his lessor's privilege outranks the prior recorded chattel mortgage.
LSA-R.S. 9:5352 requires that every chattel mortgage be in writing. LSA-R.S. 9:5353 provides as follows in pertinent part:
A. In order to affect third persons, every chattel mortgage shall be by authentic act, or by private act, duly authenticated in any manner provided by law. (Emphasis added)
Additionally, LSA-C.C. arts. 2234[1], 2235[2], and 2242[3] clearly provide that both an authentic act and an act under private signature require at least two witnesses. See LSA-R.S. 13:3720 and Smith v. Bratsos, 12 So.2d 241 (La.App. 2nd Cir.1942).
In the case sub judice, the chattel mortgage was witnessed by only one witness, which renders the chattel mortgage defective. Although the defective chattel mortgage is valid as between the parties, it is ineffective as to third parties.[4]See All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir.1965) and Lieber v. Watts, 139 So. 778 (La.App. 2nd Cir.1932). Since the defective chattel mortgage is ineffective as to third persons, clearly Rhodes' lessor's privilege is superior to any claim by South Louisiana Bank to the seized restaurant equipment.[5]

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, Rhodes contends that the trial court erred in finding that he had waived his rights to contest the ranking of creditors in the disbursement of the sale of the restaurant equipment.
The alleged waiver of Rhodes' right to contest the ranking of creditors is contained in a letter to the clerk of the Houma City Court in suit number 9257, dated November 29, 1983. The letter read as follows:
Dear Mrs. Swan:
Please issue a writ of fi fa on Judgment of November 14, 1983 in captioned matter for Marshall to seize property held under writ of sequestration [in City Court Docket No. 9257]. As inventoried, part of seized property is already sold in City Court Docket No. 9166. Mr. Rhodes allowed the proceeds of sale to be dispersed without contesting his ranking thereon. All remaining items are to be seized, with notice, and with appraisal.

*464 Mr. Rhodes should be in contact with Ray about appointment of an appraiser.
No payment has been received as a credit to said judgment.
 Sincerely yours,
 /s/ H. Sanders O'Neal
 H. Sanders O'Neal
Although the property seized in suit number 9166 has been sold, the marshall, in a rule to show cause, requested the court to determine to whom the proceeds should be disbursed. Rhodes appeared at the rule to show cause. The trial court determined that South Louisiana Bank was entitled to all funds remaining after costs had been paid. Rhodes requested a partial new trial, which was denied. He subsequently appealed the trial court judgment.
Upon reviewing the entire record, we conclude that the trial judge erred in finding that Rhodes waived his rights to contest the ranking of creditors. Rhodes appeared at the rule to show cause, requested a new trial upon receiving an unfavorable verdict, and appealed. Such actions simply cannot be construed as a waiver of his rights to contest the ranking of creditors, despite a letter by his attorney in a different suit.

CONCLUSION
For the above reasons, the judgment of the trial court is reversed. Accordingly, judgment is rendered in favor of Carroll C. Rhodes ordering that his lessor's lien be ranked superior to the chattel mortgage of South Louisiana Bank and that the proceeds of the sale be distributed accordingly. Costs of this appeal are to be paid by South Louisiana Bank.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C. art. 2234 provided:

The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.
All process verbal of sales of succession property, signed by the sheriff or other person making the same, by the purchaser and two witnesses, are authentic acts.
The subject matter of this article is now provided for in LSA-C.C. art. 1833.
[2] LSA-C.C. art. 2235 provided:

An act which is not authentic, through the incompetence or the incapacity of the officer, or through a defect of form, avails as a private writing, if it be signed by the parties.
The subject matter of this article is now provided for in LSA-C.C. art. 1834.
[3] LSA-C.C. art. 2242 provided:

An act under private signature, acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act.
The subject matter of this article is now provided for in LSA-C.C. art. 1836.
[4] Actual knowledge by a third person of the existence of a recorded chattel mortgage dispenses with the necessity of complying with statutory requirements. All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir.1965). In the instant case, there is no proof that Rhodes had actual knowledge of the existence of South Louisiana Bank's recorded chattel mortgage.
[5] The lessor's privilege by Rhodes is superior to the chattel mortgage by South Louisiana Bank, but only as to those items affected by the lessor's lien.