117 So.2d 660 (1960)
UNIVERSAL C.I.T. CREDIT CORPORATION, Plaintiff-Appellee,
v.
W. A. PARKER, Third Opponent-Appellant, Plantation Park, Inc., Intervenor and Third Opponent.
No. 9128.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1960.
Rehearing Denied February 15, 1960.
Louis Lyons, Bossier City, for appellant.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellee.
AYRES, Judge.
This action is a contest between plaintiff and the intervenor and third opponent *661 as to the rank and priority of privileges on a 1957 Model Studebaker Champion Station Wagon. Plaintiff's claim is predicated upon a vendor's lien and chattel mortgage; intervenor and third opponent's claim is based upon a lessor's lien and privilege. From a judgment recognizing the superiority of plaintiff's lien and privilege, the intervenor and third opponent has appealed.
There appears to be no dispute as to the material facts of this case. The vehicle involved was sold by Barksdale Motors, Inc., to the defendant, W. A. Parker, February 25, 1957. The credit portion of the purchase price was represented by a promissory note executed by Parker, secured by a vendor's lien and chattel mortgage, upon the property sold. The note, together with its security, was negotiated by Barksdale Motors, Inc., to plaintiff. The contract of sale, which consisted of an original and three copies, the original of which, and to which was attached defendant's note, was delivered to plaintiff. A duplicate copy, together with other documents evidencing ownership, and particularly the manufacturer's certificate of origin, was presented by an official of the vendor to the Shreveport office of the Motor Vehicle Division of the Department of Revenue for the purpose of obtaining the issuance of a license plate for said vehicle. Such documents, aforesaid, as required for the purpose, were forwarded to the office of the Motor Vehicle Division of the Department of Revenue in Baton Rouge for the issuance of a certificate of title and the notation of the chattel mortgage on the face of such certificate of title.
Immediately following the delivery of the aforesaid documents to the local office of the Department of Revenue, as aforesaid, and after having obtained a license the vehicle was delivered to Parker, who immediately proceeded to the premises rented from intervenor and third opponent. There, the vehicle was parked, kept, and stored in a garage constituting a portion of the premises rented from the intervenor and third opponent. The certificate of title introduced in evidence discloses its date of issuance as March 6, 1957.
The contention of the intervenor and third opponent is that its lessor's lien and privilege against the motor vehicle became effective at the time it was transported to the leased premises, that is, February 25, 1957, and that said lien therefore primes the vendor's lien and chattel mortgage of plaintiff, inasmuch as said lien arose prior to the effective date of plaintiff's lien and privilege which, under the statute, LSA-R.S. 32:710, only became effective against third persons "* * * from the date of notation of same by the commissioner on the face of the certificate of title for such vehicle * * *," that is, March 6, 1957.
The lessor's lien is purely statutory. Pertinent are the principles stated in LSA-C.C. Articles 2705, 2707, and 3218. Article 2705 provides, in part,
"The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased."
Article 2707 recites:
"This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their consent, express or implied."
Article 3218 declares:
"The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid."
*662 The rule is uniform that the lessor's statutory lien attaches to chattels as soon as they are brought on the leased premises and that said lien is in no wise dependent upon the maturity of the rent, Youree v. Limerick (Papas, Intervenor), 157 La. 39, 101 So. 364, 37 A.L.R. 394, and it is likewise well settled in the jurisprudence of this State that the lien and pledge resulting from the execution and recordation of a chattel mortgage takes precedence over and primes a lessor's lien arising subsequently thereto, but not arising prior thereto. Youree v. Limerick, supra; Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752; LSA-R.S. 9:5354.
This jurisprudence finds support in the provisions of the aforesaid section of the statute, which provides that
"Every such mortgage shall be effective as against third persons from the time of the filing in the proper offices, and the filing shall be notice to all parties of the existence of the mortgage, which shall be superior in rank to any privilege or preference arising subsequently thereto." (Emphasis supplied.)
Similar language is contained in the provisions of the Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq., and particularly in § 710, where it is recited:
"Every such mortgage, other than those securing floor plan loans, shall be effective as against third persons from the date of notation of same by the commissioner on the face of the certificate of title for such vehicle and the same shall be superior in rank to any privilege or preference arising subsequently thereto."
Plaintiff's vendor's lien and chattel mortgage was noted upon the certificate of title on its issuance March 6, 1957. Obviously, such notation could not have been made upon the certificate of title prior to its issuance.
The contention made by plaintiff and the conclusion reached by the trial court that the date of the notation of the chattel mortgage upon the certificate of title is the date the application was made to the local office of the Department of Revenue for a motor vehicle license, followed by the transmittal by it of the necessary documents to the office of the Motor Vehicle Division of the Department of Revenue in Baton Rouge for the issuance of such title certificate, is untenable in view of the clear and unambiguous language of the statute as heretofore quoted and in view of the date stamped upon the face of the certificate. We recently held, in Tallulah Finance Co. v. Matthews, La.App., 116 So.2d 121, 124, that a lien resulting from a seizure under a writ of fieri facias primed a chattel mortgage, executed prior to said seizure, but only noted on the certificate of title subsequently thereto. There, it was stated:
"In accordance with our views as hereinabove set out, we find plaintiff was a third person within the intent of LSA-R.S. 32:710 and that it had a lien and privilege resulting from its seizure on October 13, 1958, which outranked the lien and privilege resulting from defendant's chattel mortgage note granted on October 6, 1958, as the chattel mortgage was not noted on the title certificate until October 17, 1958."
It thus follows, for the aforesaid reasons, that intervenor and third opponent's lessor's lien and privilege is superior to and outranks the vendor's lien and chattel mortgage of plaintiff.
Therefore, the judgment appealed should be and it is annulled, avoided, reversed and set aside, and
It is now Ordered, Adjudged and Decreed there be judgment herein in favor of intervenor and third opponent, Plantation Park, Inc., against the plaintiff, Universal C.I.T. Credit Corporation, decreeing intervenor and third opponent's lessor's lien and privilege on the 1957 Model Studebaker Champion Station Wagon, Serial *663 G-1388089, Motor 1211184, superior to the vendor's lien and chattel mortgage of plaintiff, and that, accordingly, from the proceeds of the sale of said motor vehicle, intervenor and third opponent be paid, by preference and priority, the sum of $309.84, with five percent per annum interest thereon from June 11, 1957, until paid, together with all costs, in accordance with judgment rendered in Plantation Park, Inc., v. W. A. Parker, No. 21,705 of the docket of the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana.
Reversed and rendered.