401 So.2d 655 (1981)
James DOMENGEAUX, et al., Plaintiffs-Appellants,
v.
Billy W. DANIELS, et al., Defendant,
(Guaranty Bank & Trust Company of Alexandria, Louisiana), Intervenor-Appellee.
No. 8308.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
*656 Voelker, Raglan, Brackin & Crigler, Charles R. Brackin, Lake Providence, for plaintiffs-appellants.
Provosty, Sadler & deLauney, LeDoux R. Provosty, Jr. and David P. Spence, Gold, Little Simon, Weems & Bruser, Donald Sharp, Alexandria, for defendants-appellees.
Before CULPEPPER, FORET and LABORDE, JJ.
CULPEPPER, Judge.
This appeal involves a dispute between the holder of a lessor's lien and the owner of a chattel mortgage on certain farm equipment sold pursuant to a writ of fieri facias. The trial court ruled that the bank's prior recorded chattel mortgage primed plaintiffs' lessor's lien. Plaintiffs appealed devolutively.
The sole issue is whether the descriptions contained in the bank's chattel mortgage are sufficient.
The essential facts are undisputed. On September 24, 1976, the plaintiffs, James Domengeaux, Bob Wright, and Gilbert Dozier, leased to Daniels approximately 5800 acres of farm land in Grant and Rapides Parishes known as the Meade Plantation. When Daniels failed to pay the rent for the 1977 crop year, plaintiffs filed suit and, asserting a lessor's privilege, had all the movable effects located on the leased premises seized under a writ of sequestration. Thereafter, on January 10, 1978, a petition of intervention was filed by Guaranty Bank & Trust Company of Alexandria, Louisiana claiming a superior lien under a prior recorded chattel mortgage on certain property seized by plaintiffs under the writ of sequestration. The evidence shows the bank's chattel mortgage is dated February 24, 1975 and was filed in the Mortgage Records of Rapides Parish on February 26, 1975 and in Grant Parish on March 4, 1975. Attached to the chattel mortgage instrument is "Exhibit A", which lists the following farming equipment subject to the mortgage:
"81066 International Tractors

*657 21466 International Tractors
3715 International Combines
11500 International Disc Harrows
46 Row International Planters
66 Row Cultivators
2325 Bu. Rayne Grain Carts
36 Row Harrows
3V-Ditchers
18000 Gallon Storage Tank & Pump
13000 Gallon Fuel Tank and Pump
1500 Gallon Fuel Tank and Pump
1Cat Harrow
2D-8 Caterpillars
216,000 Lb. Cat Disc.
1Cat Disc
4Cat Rakes and Dirt Blades
5Allis-Chalmers Combines
115 Ft. Rome Disc
2480 International Disc
31000 Gallon Fuel Trailers
3KBH 4-Wheel Frain Trailers
1500 Gallon Butane Tank on Trailer
16 Row Harrow
26 Row Hippers
1John Deere 6 Row Cultivator
16 Row John Deere Planter
16 Row Allis Chalmers Planter
1Hebart Portable Welder
2Chisel Plows or root rakes
24 Row John Deere Cultivators
1Dolly (Single Axle)
115½ Ft. Amco Disc.
2Barrentine Rollers
1Belten Spray Rig
1Case 5-Bottom Turning Plow
2John Deere Seeders
Parts and Shop Equipment"
Plaintiffs subsequently obtained a default judgment against Daniels for unpaid rent, and, by joint motion, plaintiffs and intervenor had all the sequestered items sold at public auction by the sheriff of Grant Parish. The property listed in Guaranty Bank's chattel mortgage was segregated and sold separately.
By judgment dated October 29, 1980, the district court held that intervenor had a superior lien and was entitled to the proceeds from the separate sale of the following, which is the only equipment at issue:
"1 1974 International 1066 Tractor, SN VO44114
1 1974 International 714 Combine, SN VOO7357
1 3000 Gallon Fuel Tank & Pump
1 Cat Harrow
1 Dolly (single axle)
1 Six Row Harrow (One)
1 Cat Disc.
1 Cat Dirt Blade
1 KBH 4-Wheel Grain Trailer
1 KBH 4-Wheel Grain Trailer
1 Trailerused for hauling butane tank
1 Chisel Plow or Root Rake (yellow)"
At the time of the recordation of the original chattel mortgage, the list of equipment in Exhibit A, as shown above, did not include any serial numbers. On January 30, 1978, an Act of Correction was filed by Guaranty Bank inserting serial numbers for some of the equipment listed. In its written reasons, the district court held that the description of the property as such was adequate to preserve the chattel mortgage and was thus superior in rank to plaintiffs' lessor's lien.
On appeal, plaintiffs maintain that without full and proper identification of each piece of equipment, including serial numbers, intervenor's chattel mortgage is ineffective as to them. They further contend that the act of correction filed by Guaranty Bank supplying the serial numbers was likewise without effect since it came after the seizure under writ of sequestration. We agree.
The rule is uniform that the lessor's lien on chattels of the lessee attaches as soon as they are brought on the leased premises. Youree v. Limerick, 157 La. 39, 101 So. 864, 37 A.L.R. 394; LSA-C.C. Articles 2705, 2707 and 3218. However, a chattel mortgage properly executed and recorded will take precedence over a subsequently arising lessor's lien. LSA-R.S. 9:5354.
The Chattel Mortgage Statute states, with respect to the description necessary for a specific item, that "a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated." LSA-R.S. *658 9:5352,A. Under the jurisprudential rule, which is more liberal than a strict construction of the statute, the description of property subject to a recorded chattel mortgage will be sufficient, if it enables third persons, aided by such reasonable inquiries which the instrument itself suggests, to identify the property. Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752 (1937); All State Credit Plan, Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir. 1965). The determination of the sufficiency of description depends upon the peculiar circumstances surrounding each individual case. All State Credit Plan, Houma, Inc., supra.
In the instant case, we conclude the failure to include the serial numbers, where available, with the descriptions of the farm equipment rendered intervenor's chattel mortgage ineffective as to plaintiffs. Although the instrument states that the equipment listed in Exhibit A shall be located on the property known as Meade Plantation, the items are described only by their common or manufacturer's name. Had the equipment listed in Exhibit A been the only farming implements and machinery located on Meade Plantation, this general description may have been sufficient. However, the record reveals that the property seized under the writ of sequestration included many items of similar equipment not covered by intervenor's chattel mortgage.
In Smith v. Bratsos, 202 La. 493, 12 So.2d 245 (1943), the Supreme Court held that the description of a refrigerator in a chattel mortgage was sufficient to place third parties on notice, although there was no serial number included. The evidence showed that the serial number had been inserted after the execution of the chattel mortgage. The court pointed out, however, that the refrigerator was the only one of its kind and make on the premises and had there been other chattels of a like nature, the description would have been insufficient. See also Young v. Squeeze Tools, Inc., 350 So.2d 967 (La.App. 2d Cir. 1977), where the drilling rig at issue was the only one on the premises.
The present case is clearly distinguishable. Here there were located on Meade Plantation other tractors, combines, grain carts, etc. of the same kind and make as those generally described in the bank's chattel mortgage. The equipment having serial numbers should have been so identified. Without such positive identification, the chattel mortgage was not effective against the lessor's lien.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the lessor's lien and privilege of the plaintiffs, James Domengeaux, Bob F. Wright and G. L. Dozier, be recognized as superior to the lien and privilege of the intervenor, Guaranty Bank & Trust Company of Alexandria, Louisiana, as to the chattels at issue. It is further ordered, adjudged and decreed that the sum of $5,139.49, being the proceeds of the sale of the chattels less intervenor's pro rata share of the costs of the sale ($1,110.51), be paid by Guaranty Bank & Trust Company of Alexandria, Louisiana to James Domengeaux, Bob F. Wright and G. L. Dozier, together with any interest accumulated on said sum. All costs of these proceedings in the trial and appellate courts are assessed against the intervenor, Guaranty Bank & Trust Company of Alexandria, Louisiana.
REVERSED AND RENDERED.