GUIDRY, Judge.
In this matter third party intervenor, James E. McCrory, seeks to enjoin a judicial sale of certain movable property allegedly subject to foreclosure at the instance of plaintiff in the principal action, Auto Paint and Supplies Company, Inc. (hereafter APASCO).
In the principal action, APASCO secured a money judgment in the sum of $1,370.71 against the defendant, Huey H. Hale. That judgment, rendered on January 13, 1981, recognized plaintiff’s special lien and chattel mortgage on certain movable property described as “(1) new Speedair compressor model 7Z486 with five (5) horsepower, 220 volt single phase motor and 80 gallon tank.” Following rendition of this judgment, a writ of seizure and sale was issued directing the Sheriff of Natchitoches Parish to seize and sell the property described above in satisfaction of said judgment. Subsequent to the issuance of the writ of seizure and sale, James E. McCrory intervened in the aforesaid proceeding claiming ownership of the above described movable property and seeking an injunction to prevent the sale of such property until the question of ownership could be resolved. In furtherance of his request for injunctive relief, McCrory obtained a temporary restraining order and plaintiff was ordered to show cause why a preliminary injunction should not issue. Thereafter, APASCO filed a motion to dissolve the temporary restraining order and additionally, sought damages and attorney’s fees for its wrongful issuance. The matters were consolidated and fixed for trial on the same date.
Following a hearing on these consolidated matters the trial court held in favor of APASCO ordering that the temporary restraining order be dissolved and interve-nor’s motion for a preliminary injunction be denied. Further, judgment was rendered in favor of APASCO for $667.50 as attorney’s fees and the Natchitoches Parish Sheriff was ordered to reseize and sell the subject *348 movable property. Intervenor, James E. McCrory, appeals suspensively from the ruling of the trial court.
The record discloses that Huey H. Hale purchased a Speedair compressor from defendant APASCO. At the time of sale, the purchase was made on open account. However, shortly thereafter, Hale encountered financial difficulties and on May 30, 1980, he signed a promissory note and chattel mortgage in favor of APASCO. The record fails to indicate whether or not the chattel mortgage was ever recorded in the chattel mortgage records of Natchitoches Parish, Louisiana, and, if so recorded, the date on which such mortgage was recorded. Inter-venor, James E. McCrory, purchased the movable property in dispute from Hale. The record fails to establish when this sale took place, that is, whether such sale occurred prior to or subsequent to the execution of the subject chattel mortgage. Neither Hale nor McCrory could recall exactly when the sale was conducted, although both agreed that the sale had taken place and that it was a verbal sale. Hale admitted selling the compressor, and additionally, conceded that he did not inform McCrory that the property was mortgaged. McCro-ry, of course, recalled purchasing the property and was in possession of the movable when it was seized by the Sheriff pursuant to plaintiff’s writ of seizure and sale.
The following issues are presented on appeal:
(1) What effect, if any, does the failure by intervenor to join the defendant in the principal action, Huey H. Hale, as a party defendant in his request for injunctive relief have upon the validity of intervenor’s petition for injunctive relief?
(2) Was intervenor’s petition for injunc-tive relief properly verified?
(3) Is the description of the allegedly mortgaged movable property as contained in the chattel mortgage sufficient to provide notice to third parties, including the intervenor, of the encumbered status of the subject property?[1]
APASCO contends that McCrory’s failure to serve the defendant in the principal action, Huey H. Hale, with a copy of his petition of intervention results in the invalidity of the intervenor’s petition for a preliminary injunction. The record reflects that the petition for injunctive relief was filed pursuant to LSA-C.C.P. Art. 1092, however, only the seizing creditor, APAS-CO, and the Sheriff of Natchitoches Parish were made parties thereto.[2] Huey Hale was not made a party defendant. LSA-C. C.P. Art. 1093 provides that when the intervention asserts ownership of the seized property, the petition shall be served on the Sheriff and a11 parties to the principal action as provided in LSA-C.C.P. Art. 1313. Article 1313 provides that such service may be made either by the Sheriff or by mailing *349 a copy thereof to the adverse party at his last known address or to his counsel of record delivering a copy thereof to the clerk of court if there is no counsel of record and the address of the adverse party is not known. In the instant case, there is no dispute pertaining to proper service made on APASCO and the Sheriff, however, as noted, APASCO questions the effect of non-service of the petition upon Huey H. Hale. We conclude that APASCO’s contention is without merit in that the right to object to non-service is personal to Huey H. Hale, the defendant in the principal action. Hale has made no objection to McCrory’s failure to strictly comply with the provisions of LSA-C.C.P. Art. 1093. Additionally, the record reflects that Hale appeared and testified at trial. Thus, we conclude that Hale sustained no prejudice as a result of non-service of intervenor’s petition. See Bulova Watch Company, Inc. v. Nobles, 71 So.2d 396 (La.App. 1st Cir. 1954).
APASCO next argues that the petition for injunctive relief is defective in that the intervenor failed to adequately verify the petition of intervention pursuant to the provisions of LSA-C.C.P. Art. 3603. The cited article provides that a temporary restraining order shall be granted when it clearly appears from specific facts shown by a “verified petition” or supporting affidavit that irreparable injury will result to the applicant before notice can be served and the hearing had. Such verification may be made by plaintiff or his counsel. The Official Revision Comments accompanying this article make clear that the aforesaid article does not require verification of the petition. Rather, LSA-C.C.P. Art. 3603 simply mandates that the facts alleged to show immediate and irreparable injury must be set forth either in a verified petition or a supporting affidavit.
The record reflects that intervenor’s petition is verified, although such verification is based upon the best of intervenor’s knowledge, information, and belief. Even if such verification be considered deficient because made on information and belief we attach no merit to appellee’s argument for the reasons which follow.
LSA-C.C.P. Art. 3601 provides that “an injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law... ”. We conclude that the language of the article above quoted means that in cases specifically provided by law, one need not allege facts showing irreparable injury. Under the plain provisions of LSA-C.C.P. Art. 1092, a third person claiming ownership of seized property may assert his claim by intervention and the court may grant him injunctive relief to prevent such sale before adjudication of his claim to ownership. Therefore, the latter article clearly envisions the granting of injunctive relief without the necessity of showing irreparable harm. We conclude that if verification is required, where one must specifically allege facts necessarily showing irreparable injury, it should follow that in those instances where one is not required to make such factual allegations, verification is not required. For these reasons we find no merit in APASCO’s contention that the petition for intervention is defective for want of proper verification.
The final issue presented on appeal, and the most important, concerns whether or not the movable property, the ownership of which is claimed by intervenor adverse to the seizing creditor, was properly and adequately described in the chattel mortgage document. A corollary issue, not raised on appeal, concerns the purported recordation of the chattel mortgage and the corresponding dates of such recordation and the verbal sale to intervenor of the seized property. (See footnote 1). We observe that the chattel mortgage document contained in the record bears no indication of its recordation by the parish clerk of court. Presumably, the document was timely and property recorded since intervenor does not question such recordation. Be that as it may, for the reasons hereafter given, we conclude that intervenor did not receive proper notice, constructive or otherwise, regarding the encumbered nature of the movable property, prior to the sale of such property to him.
*350 Intervenor contends that the description of the movable property in question as contained in the chattel mortgage document was defective and insufficient to provide potential good faith third party purchasers with notice that the property was mortgaged. The record reflects that the movable property in dispute was described in the chattel mortgage as “New 7Z486 Speedair Compressor, 5 H.P., 220 Volt, 1 Phase 80 Gal. Tank.” The record reflects and the parties concede that the model number of the property as provided in the chattel mortgage is incorrect. The correct model number of the disputed property is 3Z495. Intervenor avers that the incorrect model number constitutes a defect in the description in the mortgage document and that such defect makes the description insufficient to place third parties on notice that the property was mortgaged. We agree.
The trial court concluded that McCrory could not urge any defect in the mortgage since such objection was personal to the defendant in the principal action, Huey H. Hale. This was clear error. Questions as to the validity and completeness of a description of property contained in a security device, such as the chattel mortgage at issue, can surely be raised by subsequent purchasers from the mortgagor. See 14 C.J.S. § 98.
In opposition to intervenor’s contention that the property description is defective, APASCO urges that Hale owned only one Speedair compressor with five (5) horsepower motor and 80 gallon tank, and that it was located at his shop at Rt. 13, Box 148, Natchitoches, Louisiana and that the description, although bearing an improper or erroneous model number, was adequate. In this regard, APASCO avers that LSA-R.S. 9:5352 only requires that the description of the mortgaged property shall be set forth so that the itém may be identified and its location stated.
In Domengeaux v. Daniels, 401 So.2d 655 (La.App. 3rd Cir. 1981), our court stated:
“The Chattel Mortgage Statute states, with respect to the description necessary for a specific item, that ‘a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated.’ LSA-R.S. 9:5352, A. Under the jurisprudential rule, which is more liberal than a strict construction of the statute, the description of property subject to a recorded chattel mortgage will be sufficient, if it enables third persons, aided by such reasonable inquiries which the instrument itself suggests, to identify the property. Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752 (La.1937); All State Credit Plan, Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir. 1965). The determination of the sufficiency of description depends upon the peculiar circumstances surrounding each individual case. All State Credit Plan, Houma, Inc., supra."
In Domengeaux, supra, plaintiffs leased certain farm land to the defendant who subsequently failed to pay the rent due. Thereafter, plaintiff filed suit asserting a lessor’s privilege and had all movable effects located on the leased premises seized under a writ of sequestration. Subsequently, an Alexandria, Louisiana bank intervened claiming a superior lien under a prior recorded chattel mortgage on certain property seized pursuant to plaintiff’s writ. However, the description of the property contained in the chattel mortgage document failed to list the serial numbers of the equipment subject to the mortgage. The record reflects that there were numerous pieces of farm equipment and machinery located on the premises, some of which were not subject to the bank’s chattel mortgage. Plaintiffs maintained that without a full and proper identification of each piece of equipment, including serial numbers, in-tervenors’ chattel mortgage was ineffective as to them. In Domengeaux, supra, we held that where equipment subject to a chattel mortgage is listed within the mortgaged document without serial numbers when such are available, and there exists on the same premises similar equipment, such description is ineffective as to third parties. However, the court indicated that had the *351 equipment listed in the mortgage been the only equipment of its type at that location, then a general description may have been sufficient. In this regard, the Domengeaux court noted:

“In Smith v. Bratsos, 202 La. 493, 12 So.2d 245 (La.1943), the Supreme Court held that the description of a refrigerator in a chattel mortgage was sufficient to place third parties on notice, although there was no serial number included. The evidence showed that the serial number had been inserted after the execution of the chattel mortgage. The court pointed out, however, that the refrigerator was the only one of its kind and make on the premises and had there been other chattels of a like nature, the description would have been insufficient. See also Young v. Squeeze Tools, Inc., 350 So.2d 967 (La.App. 2d Cir. 1977), where the drilling rig at issue was the only one on the premises.”

The instant case is clearly distinguishable. Admittedly, the Speedair compressor in dispute was the only piece of equipment of its kind located at Huey H. Hale’s place of business, however, the chattel mortgage document in question did not omit the model number of the mortgaged movable property, but rather, provided a model number that was simply incorrect. That is, potential third party purchasers, were provided a complete but erroneous description of the property subject to the chattel mortgage. Surely, third party purchasers may rely in good faith on what purports to be an accurate and complete description of property subject to a lien or mortgage. See All State Credit Plan, Houma, Inc. v. Fournier, supra. In All State Credit Plan, Houma, Inc. v. Fournier, supra, our brethren of the First Circuit stated:
“It is settled jurisprudence that notwithstanding the requirements of description contained in our chattel mortgage law LSA — R.S. 9:5352, property subject to a recorded chattel mortgage need not be so described as to be capable of identification by the written recital or name used to designate it in the mortgage, but a description enabling third persons, aided by such reasonable inquiries which the instrument itself sua:srests. is sufficient. Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752; Consolidated Cos., Inc. v. Laws, 11 La.App. 676, 124 So. 775; Valley Securities Company, Inc. v. DeRoussel, 16 La.App. 115, 133 So. 405.” (Emphasis ours)
We conclude that it is the absence or omission of identifying information, such as serial numbers, which, under certain circumstances, triggers the requirement of further inquiry by third persons. On the other hand, if the mortgage document purports to provide an accurate and complete description of the mortgaged property, good faith third party purchasers need not make further inquiry regarding the status of the property regardless of whether or not the mortgaged equipment is the only one of its kind located on the premises. To decide otherwise would undermine the purpose and goals of our public records doctrine.
For the reasons assigned, the judgment of the trial court is reversed and set aside. It is now ordered, adjudged and decreed that plaintiff’s motion to dissolve the temporary restraining order and plaintiff’s demand for attorney’s fees and damages is ordered dismissed. It is further ordered, adjudged and decreed that a preliminary writ of injunction issue in the form and substance of the temporary restraining order and that the instant matter be remanded to the district court for further proceedings consistent with the views herein expressed. All costs of these proceedings in the trial and appellate courts are assessed to plaintiff-appellee, Auto Paint and Supplies Company, Inc.
REVERSED AND REMANDED.

. Neither party raises as an issue on appeal the failure of the record to reflect the date of sale and the date when the APASCO chattel mortgage was recorded, if it was so recorded.

. LSA-C.C.P. Art. 1092 states:
“A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him in-junctive relief to prevent such sale before an adjudication of his claim of ownership.
If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court mhy order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.
An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor.”