FRED W. JONES, Jr., Judge.
In November 1977 Hall leased commercial property on East 70th Street in Shreveport to Yarbrough’s Pharmacy Inc. (Yar-brough’s) for use as a retail pharmacy. The lease had a primary term of ten years commencing on May 1, 1978, and called for the payment of monthly rentals of $1,440 during the first five years. At the end of the first five-year period, the rent would increase to an amount calculated using a formula based upon the Consumer Price Index.
Near the end of the first five-year period, Hall and Yarbrough’s entered into an auxiliary agreement fixing the monthly rental at $2,000. Due to the financial difficulties Yarbrough’s was experiencing, Hall allowed it to remain on the premises and continue to pay rent of $1,440 per month with the understanding the difference between the rent due and the rent actually paid would be made up at a later date.
Thomas H. Hope, Jr., 100% shareholder of Yarbrough’s, and his wife, Janice Ded-man Hope, subsequently filed for bankruptcy. On February 17, 1984, East 70th Street Pharmacy purportedly purchased the business assets of Yarbrough’s from Billy R. Vining, trustee in bankruptcy. The order of the Bankruptcy Court stated:
IT IS ORDERED that Billy Yining, the trustee, be and is hereby authorized to sell the inventory and stock of Yar-brough Pharmacy, Inc., free and clear of any liens and or encumbrances as per the terms contained in the attached motion.
In addition, the “Contract for the Sale of Business Assets” provided:
The purchaser [East 70th Street Pharmacy] does not assume any of the obligations of the seller [the trustee] or Yar-brough Pharmacy, Inc. to any other parties for the lease of buildings or immovable property.
Even though there was a change in ownership, East 70th Street Pharmacy continued the business as if it were Yarbrough’s Pharmacy, Inc. East 70th Street Pharmacy continued to pay Hall $1,440 for rent in each of the months it occupied the building (March, April and May of 1984).
Hall was given a copy of a letter dated May 2,1984, in which Yarbrough’s demanded that East 70th Street Pharmacy vacate the premises and discontinue use of the name Yarbrough Pharmacy, Inc., as this was not an asset included in the bankruptcy transfer. Hall wrote East 70th Street Pharmacy and offered to terminate the lease with Yarbrough’s and enter into a new lease with East 70th Street Pharmacy at a rental of $2,000 per month. In addition, Hall requested East 70th Street Pharmacy make up the arrearage for the months of March, April and May, 1984. When East 70th Street Pharmacy was notified the rent was actually $2,000 per month, a check for $1,680 ($560 in arrear-age for three months) was tendered to Hall. A notation on the check stated: “Endorsement of check settles all debts owed by E. 70th St. Pharmacy Assc. Rent March, April, May.”
Hall subsequently found out, through public advertisement and signs placed in the window of the leased premises, that East 70th Street Pharmacy intended to vacate the premises at the end of May.
On May 24, 1984 Hall filed a petition to enforce his lessor’s privilege through sequestration, named as defendants Yar-brough’s and East 70th Street Pharmacy Associates, Inc. Based on information indicating East 70th Street Pharmacy intended to vacate the premises over the weekend of June 1-2, 1984, Hall filed a supplemental petition on May 31, 1984 to enforce his lessor’s privilege, alleging that Yar-brough’s would owe an additional $2,000 on *817 June 1. Seizures were effected the day after the filing of each petition.
East 70th Street Pharmacy answered and reconvened for damages resulting from the alleged illegal seizures, and bonded the seized items.
Hall obtained a default judgment against Yarbrough’s in the principal amount of $5,924.50, which judgment also maintained plaintiff’s writ of sequestration and recognized his privilege on the property seized. Subsequent to this, Hall instituted proceedings to collect under the bond posted by East 70th Street Pharmacy and its principals. After a hearing on the rule to enforce the judgment, the trial court rendered a written opinion recognizing Hall’s lessor’s privilege on the sequestered property and ruling that the manner of execution of the writs of sequestration was reasonable. East 70th Street Pharmacy Associates, Inc. appealed this judgment. Yar-brough’s did not appeal the default judgment rendered against it.
EFFECT OF BANKRUPTCY ORDER
Appellant contends federal bankruptcy law preempts Louisiana law on lessors’ privileges and, therefore, appellee is bound by the sale of the assets of Yarbrough’s to East 70th Street Pharmacy by the trustee. While we have no disagreement with the general proposition that federal law preempts state law in bankruptcy matters, that rule has no application in the instant case.
The suit in bankruptcy was filed by Thomas H. Hope, Jr. and his wife, Janice Dedman Hope, “debtors” under the Bankruptcy Act. 11 U.S.C.A. § 101(12). Even though Thomas Hope owned 100% of the shares in Yarbrough’s, the corporation itself did not file bankruptcy and was not subject to the jurisdiction of the Bankruptcy Court. Corporations are intellectual beings, different and distinct from all the persons who compose them. La.Civil Code, Art. 435; Cahn Elec. Appliance Co., Inc. v. Harper, 430 So.2d 143 (La.App. 2d Cir.1983). The fact that one owns a majority of stock in a corporation does not of itself make him liable for the corporate debts or vice versa. Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265 (La.App. 2d Cir.1969); Shreveport Drug Co. v. Jackson, 2 F.2d 65 (WD La. 1924); Ferdinand Illg v. Stephen Brulard, Executor, 9 Orl.App. 166 (1912). The assets of Yarbrough’s were not subject to the jurisdiction of the Bankruptcy Court and were improperly sold to East 70th Street Pharmacy by the trustee. Hall’s lessor’s privilege was not defeated by the alleged transfer.
ACCORD AND SATISFACTION
Appellant contends the $1680 check with the special endorsement constituted an accord and satisfaction and, therefore, extinguished any debt appellant might owe ap-pellee. Appellant argues that, since the underlying debt was extinguished, the security interest or lessor’s privilege was also extinguished.
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them. La.C.C. Art. 3073; Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5th Cir.1984). The past due rentals owed by Yarbrough’s were never intended to be included in a transaction or compromise between Hall and East 70th Street Pharmacy. The check simply represented the difference in rent actually paid and rent due under the side agreement [$2,000-$l,440 = $560 x 3 (months of occupancy) or $1,680]. There was no dispute as to the amount owed. As soon as East 70th Street Pharmacy realized the lease agreement required additional rent, a check for the exact amount necessary to bring the account up to date was submitted. Without a disputed amount there can be no accord and satisfaction.
*818 RELATIONSHIP BETWEEN HALL AND EAST 70TH STREET PHARMACY
Appellant contends since it was occupying the premises with the knowledge and consent of appellee and it was making monthly rental payments without any duration or term for the lease being fixed by the parties, a month-to-month lease existed between the parties. Appellant argues it was never in arrears for any of the monthly rentals. Therefore, no lessor’s privilege ever arose.
The lessee in this case is Yar-brough’s Pharmacy, Inc., not East 70th Street Pharmacy. The lessor’s privilege arose when Yarbrough’s Pharmacy, Inc. placed movables on the premises leased from Hall. East 70th Street Pharmacy continued to occupy the premises at the discretion of Yarbrough’s Pharmacy, Inc. Hall and East 70th Street Pharmacy never enjoyed the legal relationship of lessor/lessee.
REFUND
Appellant contends if it is determined that.no lease existed, then Hall should refund the $2,000 per month rental tendered by East 70th Street for the months of January, February, March, April and May, 1984 ($10,000 total).
East 70th Street Pharmacy received the use and benefit of the premises during its occupancy. Under the circumstances of this case, a natural obligation arose on the part of East 70th Street Pharmacy to pay the monthly rentals. A natural obligation is created under circumstances from which the law implies a particular moral duty to render a performance. La.C.C. Art. 1760.
A natural obligation is not enforceable by judicial action. Nevertheless, whatever has been freely performed in compliance with a natural obligation may not be reclaimed. La.C.C. Art. 1761. The rental payments tendered by East 70th Street Pharmacy are not refundable.
REASONABLENESS OF SEIZURES
Appellant contends the manner in which the seizures took place was done to embarrass, humiliate and disrupt business practices. Specifically, appellant argues the May 31, 1984 writ of sequestration was wrongful because it recognized a lessor’s privilege before the rent became due.
The lessor has, for the payment of rent, a right of pledge on the movable effects of the lessee, which are found on the property leased. La.C.C. Art. 2705. A lessor’s lien on chattels of the lessee attaches as soon as they are brought on the leased premises. Domengeaux v. Daniels, 401 So.2d 655 (La.App. 3rd Cir.1981).
When one claims a lien, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action. La.C.C.P. Art. 3571.
•On May 25, 1984, appellee, a friend of Hall and a Caddo Parish Sheriff’s Deputy, went to the pharmacy to enforce the writ of sequestration. The trio arrived at approximately 2:00 p.m. and over the next two hours, while a sale was in progress and numerous customers were in the pharmacy, seized approximately ten items, removed them from the pharmacy, and placed them in a van. These items were subsequently returned to the pharmacy while the sale was still in progress. The trio went into the coffee room of the pharmacy and waited until the pharmacy closed. Two cash registers and a typewriter were then seized, removed from the pharmacy and placed in the van. Appellant argues there was cash available which could have been seized for payment of the alleged debt, but appellee instead chose to take the items which would cause the most serious disruption of business. Appellant was forced to rent a cash register and a typewriter in order to continue business.
On June 1, 1984, appellee and a deputy sheriff arrived at the pharmacy at approxi *819 mately 10:00 a.m. and seized all the fixtures, shelving and display cabinets located in the pharmacy. Appellant argues this seizure was wrongful since it was not necessary to seize $50,000 worth of property to secure an alleged debt of only $2,000 which had not yet become due.
The trial judge did not err in finding the manner in which the seizures were conducted was reasonable. The items seized were movable effects located on the leased premises subject to removal during the pendency of the action. The manner used to seize such property did not have to be the least intrusive means possible.
A sequestration based upon a lessor’s privilege may be obtained before the rent is due if the lessor has good reason to believe that the lessee will remove the property subject to the lessor’s privilege. La.C.C.P. Art. 3572; Wright v. Hughes, 254 So.2d 293 (La.App. 4th Cir.1971). The display signs and advertisements regarding East 70th Street Pharmacy moving to a new location provided good reason to believe the property subject to the lessor’s privilege would be removed from the leased premises. The writ of sequestration was properly issued even though the June rent had not yet become due.

Decree

For the foregoing reasons, the trial court judgment is affirmed. All costs are assessed against appellant.