LeBLANC, Judge.
The issue presented in this appeal is whether La.R.S. 9:3259.1 created a new privilege in favor of the lessors of mobile home lots which, upon proper notice to a secured party, primes a timely filed chattel mortgage. The trial court concluded that it did. We disagree and reverse the judgment of the trial court.
Appellant, Dixie Savings & Loan Association, held a timely filed chattel mortgage on a mobile home owned by Mr. and Mrs. Thomas Watkins, defendants herein. This mobile home was located on a lot rented by the Watkins at Mott’s Trailer Park. The Watkins failed to pay Dixie several loan installments as they came due and Dixie subsequently instituted foreclosure proceedings against them, eventually having the mobile home seized and sold by judicial sale. On August 5, 1986, an intervention was filed in Dixie’s suit by Roy Mott, d/b/a Mott’s Trailer Park. Mott asserted that, beginning in December of 1985, defendants failed to pay lot rentals due to him and that his lessor’s lien, to the extent of the rent past due, primed Dixie’s chattel mortgage. Based upon its interpretation of La.R.S. 9:3259.1, the trial court agreed with Mott’s position and recognized his lessor’s privilege as being superior to Dixie’s mortgage. The trial court accordingly ordered the Sheriff of Terrebonne Parish to pay inter-venor’s claim in the amount of $355.00, with preference to all other creditors, out of the proceeds of the judicial sale.
Dixie has appealed the trial court judgment. An answer to Dixie’s appeal was filed by the Sheriff of Terrebonne Parish, who seeks to be relieved of the trial court’s order to pay intervenor’s claim, in the event that the judgment of the trial court is reversed on appeal.
It has long been well-established, both by statute and jurisprudence, that a timely filed chattel mortgage is superior in rank to a subsequently arising lessor’s lien. See, La.R.S. 9:1149.5(A); La.R.S. 9:5354; Central Sav. Bank & Tr. Co. v. Oilfield Supply & S. Mat. Co., 202 La. 787, 12 So.2d 819 (1943); White Co. v. Hammond Stage Lines, 180 La. 962, 158 So. 353 (1934); Domengeaux v. Daniels, 401 So.2d 655 (La.App. 3rd Cir.1981); Universal C.I.T. Credit Corporation v. Parker, 117 So.2d 660 (La.App. 2d Cir.1960). In the present case, intervenor does not allege that his lessor’s lien arose prior to Dixie’s chattel mortgage. Nevertheless, he ccn- *1074 tends that under La.R.S. 9:3259.1, which was added by Acts 1985, No. 531, his lessor’s lien is superior to Dixie’s chattel mortgage. La.R.S. 9:3259.1 provides, in pertinent part, as follows:
B. When the rental payments for immovable property on which a mobile home or manufactured housing is located are sixty days past the due date for the payment, the lessor shall notify the secured parties and the mortgagor, if the mortgagor is not the lessee or occupant of the mobile home or manufactured housing, in writing by mail that the rental payments are sixty days past the due date.
C. Notwithstanding any provision of the law to the contrary, failure of the lessor to provide such notification within thirty days after the rental payments are sixty days past due shall limit the lessor’s privilege or right of pledge for rent to the amount of rental payments past due for ninety days.
Intervenor argues that the legislative purpose of this provision was “to give trailer park owners a preference for lease payments over mortgage holders”, if the lessor gives the secured party the required notice. In this case, intervenor acknowledged that, because he did not give Dixie timely notice of past due rent as required, his claim was limited to the amount of rent past due for ninety days. Nevertheless, he maintains that his lessor privilege is superior to Dixie’s mortgage to this extent.
Intervenor’s argument is without merit. There is no language in La.R.S. 9:3259.1 which can reasonably be construed as creating a new privilege in favor of lessors which is superior to a prior chattel mortgage. It is clear from our reading of this provision, that this was neither the intent nor the effect of La.R.S. 9:3259.1. Rather, we construe this provision as qualifying a lessor’s privilege which arises prior to a subsequent chattel mortgage, by providing that unless the lessor gives the required notice, his privilege is limited to the amount of ninety days past due rentals.
For the above reasons, we reject inter-venor’s contention that the addition of La. R.S. 9:3259.1 affected a change in the established rule that a chattel mortgage is superior to a subsequently arising lessor’s lien. Accordingly, we reverse the judgment of the trial court recognizing inter-venor’s lessor lien as “prior in rank to the mortgage of plaintiff, Dixie Saving & Loan Association”. It is hereby ordered that Dixie’s chattel mortgage be recognized as superior in rank to intervenor’s lessor’s lien. In view of this result and the answer to this appeal filed by the Sheriff of Terre-bonne Parish, it is further ordered that the Sheriff be relieved of the trial court’s order to pay intervenor’s claim in preference to all other creditors. This matter is remanded to the trial court for further proceedings consistent with this opinion. Intervenor is to pay all costs of appeal.
REVERSED AND REMANDED.