LABORDE, Judge.
Plaintiff, Ronald Gifford, filed this action against defendant, Oak Tree Savings Bank (formerly d/b/a Dixie Savings and Loan Association), for past due rent on a mobile home lot. The trial court, finding defendant liable for the unpaid rentals under LSA-R.S. 9:3259.1, awarded plaintiff $1,280.00 for the past due rent and $25.00 for the notification fee authorized by the abovementioned statute. Defendant has perfected this appeal. We find that the trial court incorrectly applied LSA-R.S. 9:3259.1. We reverse.
*782 FACTS
On June 27; 1984, Cassell and Elizabeth Jett purchased a 1984 New Horizon, Legacy II Mobile Home. The Jetts financed their new mobile home through Dixie Savings and Loan Association (Dixie), the predecessor in interest to defendant. The parties executed a chattel mortgage, which provided for monthly payments of $252.40. Sometime after the chattel mortgage was executed, the Jetts placed their mobile home on a lot they rented from plaintiff, which was located in plaintiffs mobile home park in Lake Charles, Louisiana.
The Jetts became delinquent in their loan payments in January of 1987. At some point in 1987, they abandoned the mobile home. Dixie instituted foreclosure procedures against the Jetts, filing a Petition for Executory Process on April 5, 1988. On April 7, 1988, the Sheriff of Calcasieu Parish seized the mobile home. Dixie purchased the unit at the sheriffs sale on May 11, 1988.
On March 19, 1987, plaintiff, pursuant to the requirements of LSA-R.S. 9:3259.1 sent Dixie a letter notifying it, as a secured party, that the Jetts’ rental payments were 60 days past the due date. Subsequently, on April 18, 1988, plaintiff wrote another letter to Dixie, this time demanding payment of 16 months in past due lot rentals for the lot leased to the Jetts, along with other miscellaneous fees. Defendant apparently failed to respond to plaintiffs demands. As a result, plaintiff filed this suit to recover the past due rent.
LAW
In its sole specification of error defendant contends that the trial court erred in determining that plaintiffs lessor’s privilege for the rent past due primed defendant’s timely filed chattel mortgage. We agree.
The law of this State is clear that a timely filed chattel mortgage is superior in rank to a subsequently arising lessor’s lien. Dixie Savings and Loan Association v. Watkins, 527 So.2d 1072 (La.App. 1st Cir.1988); Domengeaux v. Daniels, 401 So.2d 655 (La.App. 3d Cir.1981); Universal C.I.T. Credit Corporation v. Parker, 117 So.2d 660 (La.App. 2d Cir.1960). Under LSA-R.S. 9:1149.5, a chattel mortgage executed for the purchase of a mobile home shall be effective against third parties as of the time of its execution if the chattel mortgage is received by the Director of Public Safety and such receipt is validated by that office within thirty days after the date of execution. The record establishes that defendant filed the chattel mortgage within the statutory period and, thus, June 27, 1984, is the date of defendant’s lien. Plaintiff’s lessor’s lien attached as soon as the chattel was brought on the leased premises. See Domengeaux, supra. Although it is not entirely clear from the record when the mobile home was placed on plaintiff’s lot, it is obvious that this event took place after the chattel mortgage agreement was executed. Accordingly, we determine that defendant’s chattel mortgage primes plaintiff’s lessor’s lien.
In its written reasons for judgment the trial court recognized that the defendant’s prior recorded chattel mortgage primes the lessor’s privilege in this case; notwithstanding this fact, it found that plaiijtiff was entitled to recover the past due rentals under the authority of LSA-R.S. 9:3259.1. The pertinent sections of this statute are as follows:
“B. When the rental payments for immovable property on which a mobile home or manufactured housing is located are sixty days past the due date for the payment, the lessor shall notify the secured parties and the mortgagor, if the mortgagor is not the lessee or occupant of the mobile home or manufactured housing, in writing by mail that the rental payments are sixty days past the due date. The notice shall include the following information if known or readily available to the lessor or if available from the office of motor vehicles of the Department of Public Safety and Corrections:
(1) The lessor’s name.
(2) The lessee’s name.
(3) The mortgagor’s name.
*783 (4) The location of the mobile home or manufactured housing.
(5) The number of days that the rental payments are overdue, the monthly rental payment, and the total amount past due.
(6) The vehicle identification number of the mobile home or manufactured housing.
(7) A description of the mobile home or manufactured housing including the make, model, year, dimensions, and any identification numbers or marks.
C. Notwithstanding any provision of the law to the contrary, failure of the lessor to provide such notification within thirty days after the rental payments are sixty days past due shall limit the lessor’s privilege or right of pledge for rent to the amount of rental payments past due for ninety days.
⅜ ⅜ ⅝ ⅜ ⅝ ⅛
E. The lessor shall be entitled to collect a fee of twenty-five dollars from the secured parties in addition to all rental or storage payments due at the time the mobile home or manufactured housing is repossessed when such notification is made and the secured party subsequently obtains possession of the mobile home or manufactured housing.”
The trial court determined that the intent of Section (E) of LSA-R.S. 9:3259.1 is to create an independent right in favor of lessors to recover for past due rent from a secured party when that secured party subsequently obtains possession of the mobile home. The trial court further determined that plaintiff provided the requisite notice to defendant, that defendant obtained possession of the mobile home, and that, therefore, defendant is liable for the rent in arrears, together with the statutorily mandated notification fee.
A careful reading of LSA-R.S. 9:3259.-1(E) reveals that the legislature intended to create a cause of action for lessors of mobile home lots to recover unpaid rent from secured parties when the mobile home is repossessed and the secured party subsequently obtains possession of the mobile home. In the ease at bar,- the mobile home was not repossessed, rather it was seized and sold pursuant to the Louisiana Code of Civil Procedure’s articles on executory process. Accordingly, we find that LSA-R.S. 9:3259.1(E) is not applicable in this case and that defendant’s prior recorded chattel mortgage primed plaintiff’s lessor’s lien. Plaintiff is not entitled to recover the past due rent from defendant.
For the foregoing and above assigned reasons the trial court’s judgment awarding plaintiff $1,280.00 in unpaid rent and $25.00 for a notification fee is reversed. Plaintiff is entitled to recover nothing on his main demand. Plaintiff is cast for all costs.
REVERSED AND RENDERED.