Dear Judge Richardson:
This office is in receipt of your letter requesting an opinion from our office regarding the proper ranking of a landlord's lien and a mortgage in regards to a mobile home.
A "landlord's lien" or lessor's privilege is provided for in La. C.C. Art. 2705, and states, in part:
 Lessor has, for the payment of his rent or other obligations of a lease, a right of pledge on the moveable effects of the lessee, which are found on the property lease.
A lessor's lien attaches as soon as a mobile home is brought on the leased property. Gifford v. Oak Tree Savings Bank,567 So.2d 781 (La.App. 3 Cir. 1990).
La. R.S. 9:1149.5 of the Manufactured Home Property Act (La. R.S. 9:1149.1, et seq.), provides relative to security devices for manufactured homes. Under this section, a retail installment contract, chattel mortgage, or security agreement executed for the purchase of a mobile home is effective against third parties as of the time of its execution if the chattel mortgage is received by the Director of Public Safety and such receipt is validated by that office within thirty (30) days after the date of execution. See Gifford v. Oak Tree Savings Bank,
supra and Dixie Savings and Loan Association v. Watkins,527 So.2d 1072 (La.App. 1 Cir. 1998).
The court decisions which interpret these provisions are clear that it is the law of this State that a timely filed chattel mortgage is superior to a subsequently arising lessor's lien. Id. It is the opinion of this office that a timely filed retail installment contract or security agreement under the same conditions is also superior to a subsequently arising lessor's lien.
It is further the opinion of this office that ranking of a landlord's lien and a mortgage is determined in accordance with the time each becomes effective. If the mortgage is executed before the mobile home is placed on the landlord's property, and timely validated by the Director of Public Safety, then the mortgage is ranked first. Otherwise, if the mobile home is placed on the landlord's property before the mortgage is effective, the landlord's lien is ranked first.
We also direct your attention to La. R.S. 3259.1 pertaining to unpaid rent regarding mobile homes and notification requirements for the lessor. This law does not appear to effect the ranking of the lessor's lien and the mortgage, but may provide a remedy to the lessor for unpaid rent from a secured party when a mobile home is repossessed and the secured party subsequently obtains possession of the mobile home. Gifford v. Oak Tree SavingsBank, supra.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp